STEVEN M. WEINBERG (SBN 235581)
COWAN, DEBAETS, ABRAHAMS &
    SHEPPARD LLP
30765 Pacific Coast Highway, Suite 411
Malibu, California 90265
Tel: (310) 457-6100
Fax: (310) 457-9555
Email: smweinberg@cdas.com

TOBY M.J. BUTTERFIELD (*admitted pro hac vice*)
CHRISTOPHER J. MARINO (*admitted pro hac vice*)
COWAN, DEBAETS, ABRAHAMS &
    SHEPPARD LLP
41 Madison Avenue, 34th Floor
New York, New York 10010
Tel: (212) 974-7474
Fax: (212) 974-8474
Email: tbutterfield@cdas.com

Attorneys for Plaintiff
MILES ALDRIDGE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILES ALDRIDGE,<br><br>Plaintiff,<br><br>v.<br><br>FREEDOM COMMUNICATIONS, INC. d/b/a COAST MAGAZINE,<br><br>Defendant. | CASE NO. SACV 08-1351 CJC (RNBX)<br><br>**STIPULATED [PROPOSED] PROTECTIVE ORDER** |

## STIPULATION FOR PROTECTIVE ORDER

Plaintiff Miles Aldridge ("Plaintiff") and Defendant Freedom Communications, Inc. d/b/a Coast Magazine ("Defendant") agree that disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Such information likely will include, among other things, sensitive purchase orders, invoices, financial statements, design materials, and customer information (collectively, "Sensitive Information").

## GOOD CAUSE STATEMENT

The parties respectfully believe that good cause exists to enter the instant Protective Order in order to protect the Sensitive Information from public disclosure. The Sensitive Information includes information and data that could be used by actual or potential competitors to gain an improper and unlawful competitive advantage in the marketplace. This Protective Order is necessary to prevent such harm to the parties. The parties have attempted to draft this Protective Order narrowly and in a manner no more restrictive than necessary to protect the Sensitive Information from public disclosure.

IT IS HEREBY STIPULATED and agreed by and between counsel for the parties that the terms and conditions of this Stipulated Protective Order shall be entered as follows:

1. This Stipulated Protective Order shall be applicable to and govern all depositions, documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions and all other discovery furnished, directly or indirectly, by or on behalf of any party or non-party in connection with this action pursuant to the Federal Rules of Civil Procedure, as well as all documents produced by either party in response to

informal discovery requests, and computerized records (collectively, "RECORDS") which the disclosing party designates as "CONFIDENTIAL" or "RESTRICTED."

2.  In designating RECORDS as "CONFIDENTIAL" or "RESTRICTED", a party shall make such a designation of CONFIDENTIAL or RESTRICTED only for RECORDS which that party in good faith believes contain trade secret or other confidential, competitive or proprietary business information used by it in, or pertaining to, its business which the party takes appropriate efforts to keep confidential or which the party is otherwise required to keep confidential by agreement or law. For a designation of RECORDS as "RESTRICTED", the party must additionally believe in good faith that the RECORDS must be protected from disclosure to the parties themselves in this litigation and must be subject to the restricted disclosure provided for below. The parties hereto hereby agree to use CONFIDENTIAL and RESTRICTED material solely for the purpose of conducting this litigation and not for any other purpose and to restrict their use of such material so as to maintain its confidentiality in accordance with the terms hereof.

3.  RECORDS designated as "CONFIDENTIAL" may be disclosed only to the following persons:

    a.  the attorneys working on this action on behalf of any party, including in-house attorneys;

    b.  any paralegal assistants, stenographic and clerical employees working under the direct supervision of such counsel;

    c.  any parties to this action who are individuals, and the employees, directors or officers of parties to this action who are corporations or partnerships, to the extent necessary to further the interest of the parties in this litigation;

///

1          d.   any person not employed by a party who is expressly retained or sought to be retained by any attorney described in paragraph 3(a) to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work;

        e.   any witness who authored or received the CONFIDENTIAL RECORD prior to its production to the receiving party, provided that the witness will not be permitted to retain the RECORD unless the witness is otherwise authorized to do so; and

        f.   the Court and its authorized staff and any Special Master appointed by the Court and his/her staff, and any person whom the parties have agreed will serve as mediator in this action, provided that the mediator shall destroy all documents, things or information marked CONFIDENTIAL or RESTRICTED within ten (10) days after the conclusion of such person's involvement in the mediation and shall not use such information for any purpose other than in connection with the mediation.

4.   RECORDS designated as "RESTRICTED" may be disclosed only to the following persons:

        a.   the attorneys working on this action on behalf of any party, including in-house attorneys;

        b.   any paralegal assistants, stenographic and clerical employees working under the direct supervision of such counsel, with disclosure only to the extent necessary to perform their work in connection with this matter;

        c.   any person not employed by a party who is expressly retained or sought to be retained by any attorney described in paragraph 4(a) to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work;

///

///

    d. any witness who authored or received the RESTRICTED RECORD prior to its production to the receiving party, provided that the witness will not be permitted to retain the RECORD unless the witness is otherwise authorized to do so; and

    e. the Court and its authorized staff and any Special Master appointed by the Court and his/her staff, and any person whom the parties have agreed will serve as mediator in this action, provided that the mediator shall destroy all documents, things or information marked CONFIDENTIAL or RESTRICTED within ten (10) days after the conclusion of such person's involvement in the mediation and shall not use such information for any purpose other than in connection with the mediation.

  5. The persons described in paragraphs 3(d) and 4(c) shall have access to CONFIDENTIAL or RESTRICTED material once they have been made aware of the provisions of this Order and have manifested their assent to be bound thereby by signing a copy of the annexed "ACKNOWLEDGMENT". A list shall be maintained by counsel for the parties hereto of the names of all persons to whom CONFIDENTIAL or RESTRICTED material is disclosed, or to whom the information contained therein is disclosed, and such list shall be available for inspection by the Court and opposing counsel upon request. The other persons described in paragraphs 3 and 4 shall have access to the CONFIDENTIAL and RESTRICTED material pursuant to the terms of this Order without signing a copy of the annexed "ACKNOWLEDGMENT". Similar but separate lists shall also be maintained with respect to CONFIDENTIAL or RESTRICTED material provided by third parties. At the time of the termination of this lawsuit by settlement, judgment or otherwise, the parties hereto shall provide other counsel with a copy of the pertinent aforementioned lists upon request. The persons receiving CONFIDENTIAL or RESTRICTED material are enjoined from disclosing it to any other person, except in conformance with this Order. This Stipulation will not

require the disclosure of experts other than by Local Rule, Federal Rule of Civil Procedure, and/or Court Order.

6. Each individual who receives any CONFIDENTIAL or RESTRICTED material hereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with or violation of this Order.

7. The recipient of any CONFIDENTIAL or RESTRICTED material that is provided under this Order shall maintain such RECORDS in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such RECORDS as is exercised by the recipient with respect to its own proprietary information.

8. Parties shall designate CONFIDENTIAL or RESTRICTED material as follows:

    a. In the case of RECORDS produced pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, interrogatory answers, responses to requests for admissions, and the information contained therein, designation shall be made by placing the following legend on any such RECORD prior to production: "CONFIDENTIAL" or "RESTRICTED". In the event that a party inadvertently fails to stamp or otherwise designate a RECORD as CONFIDENTIAL or RESTRICTED at the time of its production, it may do so by stamping or otherwise designating the RECORD and giving written notice to all Parties or their counsel of the new designation as being either CONFIDENTIAL or RESTRICTED within five (5) business days after discovery of such error. All persons who are in possession of such after-production designated or re-designated materials and who are not within a category of persons who may possess such materials pursuant to Paragraphs 4 and 6 hereof shall promptly return all known copies of any such documents to the producing party or to a person who is within a category of persons who may possess such materials. Such after-production designated or re-

designated materials shall be treated pursuant to the provisions of this Order as having been designated prior to production.

   b. In the case of depositions, designation of the portion of the transcript (including exhibits) which contains CONFIDENTIAL or RESTRICTED material shall be made by a statement to such effect on the record in the course of the deposition or, upon review of such transcript by counsel for the party to whose CONFIDENTIAL or RESTRICTED material the deponent has had access, said counsel shall designate within fourteen (14) days after counsel's receipt of the transcript. Counsel shall list on a separate piece of paper the numbers of the pages of the transcript containing CONFIDENTIAL or RESTRICTED material, inserting the list at the end of the transcript, and mailing copies of the list to counsel for all parties so that it may be affixed to the face of the transcript and each copy thereof. Pending such designation by counsel, the entire deposition transcript, including exhibits, shall be deemed CONFIDENTIAL or RESTRICTED; if no designation is made within fourteen (14) days after receipt of the transcript, the transcript shall be considered not to contain any CONFIDENTIAL or RESTRICTED material.

   c. Transcripts of depositions will not be filed with the Court unless it is necessary to do so for purposes of trial, motions for summary judgment, or other matters. If a deposition transcript is filed and if it contains CONFIDENTIAL or RESTRICTED material, the transcript shall bear the appropriate legend on the caption page.

  9. A party shall not be obligated to challenge the propriety of a CONFIDENTIAL or RESTRICTED designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with such designation, such party shall provide to the producing party written notice of its disagreement with the designation. Pursuant to Local Rule 37-1, the parties shall first confer in

good faith in an effort to dispose of such dispute. If the dispute cannot be resolved, the party challenging the designation may move the Court for appropriate relief, but in any event, such relief from the Court shall not be requested before ten (10) days after the producing party is served with the required notice. Along with each such motion, the parties shall prepare and file an appropriate joint stipulation pursuant to Local Rue 37-2. The burden of proving that RECORDS have been properly designated as CONFIDENTIAL or RESTRICTED shall be on the party making such designation.

10. In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain RECORDS that have been designated CONFIDENTIAL or RESTRICTED, the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated RECORDS (if such portion is segregable) under seal. The application shall be directed to the judge to whom the papers are directed. For motions, the parties should publicly file a redacted version of the motion and supporting papers.

11. Nothing in this order shall preclude any party to the lawsuit, their attorneys or any other person from disclosing or using, in any manner or for any purpose, any RECORDS not obtained in this lawsuit, if such RECORDS are lawfully obtained from a third party, even though the same RECORDS may have been produced in discovery in this lawsuit and designated as CONFIDENTIAL or RESTRICTED.

12. Nothing in this order shall preclude any party to the lawsuit or their attorneys (a) from showing RECORDS designated as CONFIDENTIAL or RESTRICTED to an individual who either prepared or reviewed the RECORDS prior to the filing of this action, or (b) from disclosing or using, in any manner or for any purpose, RECORDS from the party's own files which the party itself has designated as CONFIDENTIAL or RESTRICTED.

13. Should any RECORDS designated as CONFIDENTIAL or RESTRICTED be disclosed, through inadvertence or otherwise, by the receiving party to any person or party not authorized under this Stipulation and Protective Order, then the receiving party shall (a) use its best efforts to obtain the return of any such RECORDS and to bind such person to the terms of this Stipulation and Protective Order; (b) within three (3) days of the discovery of such disclosure, inform such person of all provisions of this Stipulation and Protective Order; (c) within five (5) days of the discovery of such disclosure, identify such person to the producing party; and (d) within five (5) days of the discovery of such disclosure, request such person to sign the Acknowledgement in the form attached hereto as Exhibit A. The executed agreement shall be served upon counsel of record for the producing party within five (5) days of its receipt by the receiving party.

14. Nothing in this Stipulation and Protective Order shall require disclosure of information that counsel contends is protected from disclosure by the attorney-client privilege or the attorney work-product immunity.

15. If information subject to a claim of attorney-client privilege or work product immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such information. If a party has inadvertently or unintentionally produced information subject to a claim of immunity or privilege, the information for which a claim of inadvertent or unintentional production is made shall be returned to the producing party within three (3) days of the producing party's request. Moreover, any notes or summaries referring or relating to any such inadvertently- or unintentionally-produced information shall be destroyed. In the event that any such information is contained in a produced document, all copies of that document, and any notes or summaries relating thereto that may have been made, shall be destroyed to the

1  extent practicable.  Nothing herein shall prevent the party returning such
2  information from moving the Court for an Order compelling production of such
3  information, but the unintentional or inadvertent production of that information
4  shall not be a basis for such a motion.

5       16.   Within sixty (60) days of the termination of litigation between
6  the parties, all CONFIDENTIAL and RESTRICTED material, and all copies
7  thereof, except such copies which have been filed with the Court, utilized in
8  accordance with this Order, or which are and will continue to be maintained in a
9  secure place pursuant to the continuing obligations of this Order, shall be returned
10 to the party which produced it or shall be destroyed.

11      17.   Except as specifically provided herein, the terms, conditions
12 and limitations of this Order shall survive the termination of this action at the
13 option of the designating party.

14      18.   This Order is without prejudice to the right of any party to seek
15 relief from the Court, upon good cause shown, from any of the provisions
16 contained in paragraphs 1 through 14, inclusive hereof.

17      19.   Nothing in this Order shall be construed as authorizing a party
18 to disobey a lawful subpoena issued in another action.

**IT IS SO ORDERED.**

DATED this **5th** day of **June**, 2009.

_____
Hon. Robert N. Block
United States Magistrate Judge

///
///
///

**APPROVED AS TO FORM:**

Dated:  New York, New York
        June 3, 2009

                        COWAN, DEBAETS, ABRAHAMS &
                        SHEPPARD LLP

                        By: /s/ Toby _____

                        Steven M. Weinberg (SBN 235581)
                        Toby M.J. Butterfield (*admitted pro hac vice*)
                        Christopher J. Marino (*admitted pro hac vice*)

                        Attorneys for Plaintiff
                        MILES ALDRIDGE

Dated:  Irvine, California
        June 2, 2009

                        KNOBBE MARTENS OLSON & BEAR, LLP

                        By: _____

                        Steven J. Nataupsky (SBN 155913)
                        Lynda J. Zadra-Symes (SBN 156511)
                        Lauren Keller Katzenellenbogen (SBN 223370)

                        Attorneys for Defendant
                        FREEDOM COMMUNICATIONS d/b/a COAST
                        MAGAZINE

# ACKNOWLEDGMENT

The undersigned hereby acknowledges that he/she has read the PROTECTIVE ORDER which was entered by the Court on _____, 2009, in the action, Miles Aldridge v. Freedom Communications, Inc. d/b/a Coast Magazine, Case No. SACV 08-1351 CJC (RNBx), United States District Court for the Central District of California, that he/she is one of the persons contemplated in paragraphs 3 and 4 thereof as authorized to receive disclosure of RECORDS designated CONFIDENTIAL or RESTRICTED by any of the parties or by third parties, and that he/she fully understands and agrees to abide by the obligations and conditions of the Protective Order. The undersigned further consents to be subject to the jurisdiction of the United States District Court for the Central District of California for purposes of any proceedings relating to performance under, compliance with or violation of the above-described Order.

_____
(Signature)

_____
(Title or Position)

Dated: _____